Harry Weinberg, on Behalf of Himself and All Other Stockholders of Baltimore Brick Company Similarly Situated,
Plaintiff Below, Appellant,

Joseph Moskowitz and Sylvia Martin, on Behalf of Themselves and All Other Stockholders of Baltimore Brick Company Similarly Situated,
Intervening Plaintiffs Below, Appellants,

*vs.*

Baltimore Brick Company, a corporation of the State of Delaware, Louis S. Zimmerman, George C. Warehime, Jr., Jesse Slingluff, Sr., Jesse Slingluff, Jr., William O'Meara, Joseph A. Brown, Hall Hammond, C. Gordon Pitt,
Defendants Below, Appellees.

*Supreme Court, On Appeal, March 16, 1955.*

*Arthur G. Logan* and *Aubrey B. Lank,* of Logan, Marvel, Boggs & Theisen, Wilmington, *T. Muncy Keith* and *Leighton S. Dorsey,* Wilmington, and *Raphael Walter* and *Lawrence I. Weisman,* Baltimore, Md., of counsel, for appellants.

*Henry M. Canby,* of Richards, Layton & Finger, Wilmington, and *William Marbury,* of Piper & Marbury, Baltimore, Md., for appellees.

SOUTHERLAND, C. J., and WOLCOTT and BRAMHALL, JJ., sitting.

PER CURIAM: Plaintiff and interveners below, appellants, are common stockholders of Baltimore Brick Company, a Delaware corporation. In the court below plaintiff sought to restrain the payment of a dividend declared upon the preferred stock on the ground that the corporate capital was impaired, and that the provisions of the corporate charter forbade the payment of dividends except from a surplus of assets. Plaintiff's motion for a preliminary injunction was heard upon the pleadings and affidavits. The injunction was refused. The Vice Chancellor held that the dividend had been lawfully declared out of current net profits, as permitted by the *General Corporation Law, 8 Del.C.* § 101 *et seq.,* in the absence of special restriction in the charter, and that no special restriction existed. See *Del.Ch.,* 108 *A.2d* 81.

Plaintiff and interveners appeal. Their brief on appeal raises one point only—the point decided by the Vice Chancellor. This is a question of law, involving principally the construction of the corporate charter.

The appellees—The Brick Company and certain of its directors—have filed an answering brief. This brief sets forth additional reasons in support of the result reached by the Vice Chancellor, and thus brings into the argument issues that, though made below, have not been passed upon by him. Appellants move to strike the brief as improper, contending that upon appeal from the denial of a preliminary injunction, even though the decision settles rights, only the precise question decided by the court below is before us for review.

This contention is unsound. On appeal from Chancery this Court has power to examine the entire record for the purpose of determining the correctness of the result reached below. It has therefore power to decide issues not reached below. The exercise of that power is controlled by balancing considerations of judicial propriety, orderly procedure, the desirability of terminating litigation, and the position of the lower court as the primary trier of issues of fact. See *Consolidated Fisheries Co. v. Consolidated Solubles Co., Del.Ch.,* 112 *A.2d* 30; *Steiner v. Simmons, Del.Ch.,* 111 *A.2d* 574; *Maurer v. International Re-Insurance Corp.,* 32 *Del.Ch.* 447, 86 *A.2d* 360, 365; *Martin v. American Potash & Chemical Corp., Del.Ch.,* 92 *A.2d* 295; and *cf. Du Pont v. Du Pont, Del.Ch.,* 103 *A.2d* 234. In the *Du Pont* case the majority opinion, as well as the minority opinion, appears to recognize the existence of this power of the Court on appeals from Chancery. The difference of view concerns the propriety of its exercise in that case. A like rule prevails in the federal courts. See *Marconi Wireless Telegraph Co. of America v. Simon,* 246 *U.S.* 46, 38 *S.Ct.* 275, 277, 62 *L.Ed.* 568; and *North Carolina R. Co. v. Story,* 268 *U.S.* 288, 292, 45 *S.Ct.* 531, 533, 69 *L.Ed.* 959.

Appellants' motion, in the form in which it is cast, must be denied; but it may be treated as including a motion to limit the issues to be argued. Regarding it in that light, we observe that the additional issues that appellees seek to argue are at least partly factual; that the facts are to some extent in dispute; that the facts appear only in affidavits filed, pro and con, on a motion for a preliminary injunction; and that no facts touching these issues have been found by the Vice Chancellor. In these circumstances, we think these defenses, if and when reached, should be passed on first by the Vice Chancellor, and that they should be eliminated from the appeal now before us.

The motion as filed will be denied; but an order will be entered limiting the questions to be argued to the points raised in appellants' brief. Appellees may have leave, if desired, to withdraw the brief filed and file a new one. Their counsel are requested to advise the Court promptly whether they so desire.